1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TROY CARPENTER,                    )
                                   )
                  Petitioner,      )      CASE NO.  C06-729-TSZ-MJB
                                   )
        v.                         )
                                   )      REPORT AND
JEFFREY UTTECHT,                   )      RECOMMENDATION
                                   )
                  Respondent.      )
_____ )

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Troy Carpenter is a state prisoner currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington.  He proceeds *pro se* in this petition for writ of habeas corpus under 28 U.S.C. § 2254, seeking relief from a sentence of 35 years imposed after his July 2001 conviction in Snohomish County Superior Court. Respondent filed an answer requesting that this Court dismiss petitioner's habeas petition with prejudice on the basis that it is time-barred under 28 U.S.C. § 2244(d). (Dkt. #7.)  Having reviewed the record in its entirety, I recommend that Petitioner's habeas petition be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## II.  PROCEDURAL HISTORY

On July 2, 2001, Petitioner was found guilty by plea of first degree robbery with a

REPORT AND RECOMMENDATION
Page - 1

deadly weapon (firearm) and third degree assault.  (Dkt. #10, Ex. 2.)  He was sentenced to an exceptional sentence of 420 months of confinement on July 23, 2001.  (Dkt. #10, Ex. 1.)

On December 20, 2001, Petitioner appealed his exceptional sentence to the Washington Court of Appeals, Division I ("court of appeals"), claiming that his offender score was improperly calculated.  (Dkt. #10, Ex. 3.)   The Court Commissioner issued a ruling on October 2, 2002, granting the court's motion on the merits and affirming the exceptional sentence. (Dkt. #10, Ex. 4.)   Thereafter, Petitioner sought discretionary review by the Washington Supreme Court ("supreme court"), which denied review without comment on September 30, 2003.  (Dkt. #10, Ex. 6).

On June 22, 2004, Petitioner filed a personal restraint petition ("PRP") in the court of appeals.  (Dkt. #10, Ex. 7.)   The Acting Chief Judge issued an order dismissing the PRP on December 8, 2004.  (Dkt. #10, Ex. 8.)   Petitioner's motion for discretionary review by the supreme court was denied on October 10, 2005.  (Dkt. #10, Ex. 10.)

Petitioner filed the present federal habeas petition on May 18, 2006.[1]  (Dkt. #1 at 15.)

### III.  GROUNDS FOR REVIEW

Petitioner raises the following four grounds for review in his federal habeas petition:

> GROUND ONE: The exceptional sentence imposed by the trial Court violated Petitioner's 6th Amd. right to have a Jury determine all facts which increase punishment.  The trial court imposed a sentence of 35

---

[1]The prison mailbox rule applies.  Federal and state habeas petitions are deemed filed when the *pro se* prisoner delivers them to prison authorities for forwarding to the Clerk of the Court. *See Saffold v. Newland*, 250 F.3d 1262, 1268 (9th Cir. 2001), *overruled on other grounds by Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002).

REPORT AND RECOMMENDATION
Page - 2

years.  The standard range under Washington law provided for a maximum sentence of 292 months of 24 ½ years.  The state recommended a sentence of 17 years as agreed upon in the plea agreement.  The Court imposed a sentence of 420 months or 35 years.  The Court based the exceptional sentence upon it's [sic] finding that Petitioner was a "Rapid Recidivist" and also cited to the multiple offense policy of RCW 9.94A. 400.  This determination was made solely by the trial judge and was not submitted to the jury.

GROUND TWO: The State breached the plea agreement violating Petitioner's right to due process guaranteed by the 5th and 14th Amendments as well as his right to a trial by jury under the 6th Amd. During the sentencing hearing the State brought up other uncharged crimes that it had agreed to drop as part of the plea agreement.  The trial court specifically referenced these additional uncharged crimes when it imposed the exceptional sentence.  (See PRP pages 2-8, Petition for Discretionary Review pages 4-7).

GROUND THREE: Petitioner was deprived of Effective Assistance of Counsel guaranteed by the 6th Amendment to the U.S. Constitution. During the sentencing hearing, counsel made several derogatory references to Petitioner, described Petitioner as "so institutionalized that he just doesn't get it when he gets back out."  At no time did counsel advocate for Petitioner nor cite to any relevant case law.  Counsel made no reference to the fact that Petitioner had given up significant rights in agreeing to the plea bargain.  Counsel closed by stating to the court that Petitioner did not deserve a mid-range sentence.

GROUND FOUR: Future dangerousness is not a valid factor for imposing a sentence outside the standard range and results in cruel and unusual punishment.  The trial court used Rapid Recidivism as a factor for imposing an exceptional sentence.  The court stated that it's [sic] overriding concern was protection of the public.  Petitioner outlined in PRP, Reply, and Petition for Discretionary Review that Washington law does not provide for an exceptional sentence based upon future dangerousness.  Petitioner further outlined that the U.S. Supreme Court has specifically addressed the recidivism issue in *Apprendi v. New Jersey*. (See Petitioner's Reply App. H.1 pages 15-18)

## IV.  DISCUSSION

Respondent argues that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d)(1) and, therefore should be dismissed with prejudice as time-barred. The undersigned agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes

REPORT AND RECOMMENDATION
Page - 3

a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1). Specifically, it provides that the one-year limitations period "shall run from the latest of – (A) the date on which the judgment became final by conclusion of direct review or by the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Thus, under the statute, a judgment becomes "final" in one of two ways – either by the conclusion of direct review by the highest court, including the United States Supreme Court, to review the judgment, or by expiration of the time to seek such review, again from the highest court from which such direct review can be sought. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001); *cf. Bowen v. Rowe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) ("We hold that the period of direct review includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.").

On direct review, the state supreme court denied petitioner's petition for discretionary review on September 30, 2003. (Dkt. #10, Ex.6.) Petitioner then had 90 days after entry of that order to file a petition for writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13(1). Accordingly, because Petitioner could have filed a petition for writ of certiorari during that time period, his state court judgment became final and the AEDPA limitations period began to run on December 29, 2003, the date on which that time period expired.[2] Counting forward one year, Petitioner had until

---

[2]Petitioner argues that his judgment became final on November 4, 2003, the date the Court of Appeals mandate was filed. Dkt. #1 at 14. However in *Wixom*, the Ninth Circuit rejected a similar argument, finding that a mandate is not a decision terminating review. 264 F.3d at 897-98, quoting Wash. R. App. P. 12.5 (a) (West 1998) ("A 'mandate' is the written notification by the clerk of the appellate court to the trial court and the parties of an appellate court decision terminating review.").

REPORT AND RECOMMENDATION
Page - 4

December 29, 2004, to file his federal habeas petition, unless the statute of limitations was statutorily or equitably tolled.

Here, Petitioner's federal habeas petition was filed on May 18, 2006, almost seventeen months outside the limitations period.  Therefore, his federal habeas petition is timely only if his state court PRP tolled AEDPA's statute of limitations for all but 365 days or less between the date on which the limitations period began to run and the filing of his federal habeas petition.

A.    Statutory Tolling

The AEDPA provides that the one-year statute of limitations is tolled for '[t]he time during which a properly filed application for State post-conviction or collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, including the time limits upon its delivery.  *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In this case, the AEDPA limitations clock had run for 176 days before it is was tolled by Petitioner's PRP, which was filed on June 22, 2004.  (Dkt. #10, Ex. 7.)  The limitations period remained tolled until October 10, 2005, the date the state supreme court denied Petitioner's motion for discretionary review.  (Dkt #10, Ex. 10).  At that point, Petitioner still had 189 days remaining before the one-year statute of limitations would expire.  However, Petitioner filed his federal habeas petition on May 18, 2006, which was 220 days after the AEDPA limitations clock resumed running.  Thus, Petitioner's federal habeas petition is untimely because the one-year AEDPA statute of limitations had expired thirty-one days before it was filed.

REPORT AND RECOMMENDATION
Page - 5

B.    Equitable Tolling

The federal habeas corpus statue of limitations is also subject to equitable tolling. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998) (en banc).  However the Ninth Circuit has made it clear that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon (Beeler)*, 128 F.3d at 1288 (citing *Alvarez-Machain v. United States*. 107 F.3d 696, 701 (9th Cir. 1997)).  When external forces, rather than a lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.  *See Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *Calderon (Kelly)*, 163 F.3d at 541.  In the present case, petitioner has made no showing that he is entitled to equitable tolling.

Because petitioner filed his federal habeas petition outside the statute of limitations, and because he has not demonstrated that he is entitled to equitable tolling of the statute of limitations, his petition should be dismissed as time barred.

V.    CONCLUSION

For the reasons set forth above, I recommend that Petitioner's federal habeas petition (Dkt. #1) be DENIED, and that this action be dismissed with prejudice.  A proposed order accompanies this Report and Recommendation.

DATED this 21st day of November, 2006.

_____
MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6